UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASE NO.: 1:20-cv-04874-SCJ

MORGAN HOWARTH,

    Plaintiff,

v.

HERO BUILD SOLUTIONS LLC,

    Defendant.

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT HERO BUILD SOLUTIONS LLC AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 55(b) and 58(d) of the Federal Rules of Civil Procedure, Plaintiff Morgan Howarth ("Howarth"), by and through his undersigned counsel, respectfully moves the Court for an entry of default judgment in favor of Plaintiff and against Defendant HERO BUILD SOLUTIONS, LLC ("HBS"). Default was entered against HBS by the Clerk of Court for failure to answer or otherwise defend the instant suit on January 13, 2021 [See ECF Clerk's Entry of Default 01/13/2021]. Plaintiff requests that the Court award all relief requested herein against HBS, and in support states as follows:

### I.    INTRODUCTION

Plaintiff initiated this action against Defendant HBS for willful copyright infringement. HBS is in default and the requirements for a default judgment have been met. Based on the declarations of Morgan Howarth ("Howarth Decl.") and Joel B. Rothman ("Rothman Decl.") filed concurrently herewith, Plaintiff seeks entry of default judgment for Plaintiff's claim of copyright infringement against HBS, an award of damages pursuant to 17 U.S.C. § 504, an award of Plaintiff's costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505, prejudgment interest, and an injunction pursuant to 17 U.S.C. § 502 permanently enjoining HBS from further infringement.

## II.     FACTUAL BACKGROUND

### a. Plaintiff's Rights

Morgan Howarth is an experienced professional and architectural photographer who lives in the Washington, D.C. area [D.E. 1 ¶ 2; Howarth Decl. ¶ 2]. Howarth owns all rights, including copyrights, in the six (6) photographic images asserted in this action referred to herein as the "Works." [D.E. 1 ¶¶ 11-14; Howarth Decl. ¶ 5]. On August 29, 2014, and January 26, 2016, Howarth obtained a registration with the United States Copyright Office for the Works. [D.E. 1 ¶ 12, Exhibit 1; Howarth Decl. ¶ 4]. Howarth has been a photographer for over 25 years and focuses on interior and architecture work.  His rich and illustrative style brings architecture to life by combining a multitude of separately lit images into one perfect

shot. Howarth has worked as a photographer for a multitude of national clients including Timex, Sears, The Lenox Hotel, Cole Haan Shoes, GH Bass Shoes, Timberland Shoe, CBS, and Home & Design Magazine, and photographing many beautiful people and places throughout his career. However, he still considers the best part of any assignment to be the client's final "Wow!" [Howarth Decl. ¶ 2].

In 1997, Howarth created the Photographs entitled "5519_Center_Mast_Bath Series, 1_F, 3_F, and 4_Windows_F" [D.E. 1 ¶ 11; Howarth Decl. ¶ 3]. In 2015, Howarth created the photographs entitled "8608_Stirrup_Kitchen Series", "1_F", "2_F", and "3_F." *Id.* The six photos at issue in this matter are attached hereto as Exhibit 1 (one of which is shown below) and referred to herein as the "Works." The table below provides the titles, registration numbers, and registration issue date for each respective Work at issue here. [1]

| Copyright Title | Registration Number | Registration Issue Date |
|---|---|---|
| 5519_Center_Mast_Bath_1 | VA 1-958-957 | 8/29/2014 |
| 5519_Center_Mast_Bath_3 | VA 1-958-957 | 8/29/2014 |
| 5519_Master_Bath_4_Win | VA 1-958-957 | 8/29/2014 |
| 8608_Stirrup_Kitchen_3_F | VA 2-013-533 | 1/26/2016 |
| 8608_Stirrup_Kitchen_2_F | VA 2-013-533 | 1/26/2016 |
| 8608_Stirrup_Kitchen_1_F | VA 2-013-533 | 1/26/2016 |

---

[1] The Certificates of Registration are attached hereto as Exhibit 2. [D.E. 01 ¶12].



Howarth uses a combination of tungsten, daylight, and strobe light to create the best possible natural looking light to suit the needs of each room or scene. This process takes several different exposures and lighting set-ups per image which are then combined into one Hi-Res image. [Howarth Decl. ¶ 6]. Significant technical attributes were required to make the Works, including using a combination of tungsten, daylight, and strobe lights to create the best possible natural looking light to suit the needs of each room and scene. Howarth, using years of expertise and skills in photograph editing, developed a process that takes several different exposures and lighting set-ups per image and combines them into one high resolution image. [Howarth Decl. ¶ 6]. The Works are scarce not only due to their high quality but also

the unique technique applied to achieve such an amazing result. [Howarth Decl. ¶ 7].

Howarth registered the Works with the Register of Copyrights on August 29, 2014 and January 26, 2016, and was assigned registration numbers VA 1-958-957 and VA 2-013-533. [D.E. 1 ¶ 12, Ex. 1; Howarth Decl. ¶ 4]. At all relevant times Howarth was the owner of the copyrighted Works at issue in this case. [D.E. 1 ¶ 14].

On or about March 17, 2020, Howarth discovered the unauthorized use of the Works on HBS's website advertising kitchen designs. [D.E. 1 ¶17; Howarth Decl. ¶ 8]. HBS distributed the work to advertise, market, and promote business on its website as part of its construction services business. [D.E. 1 ¶ 20; Howarth Decl. ¶ 11].

HBS was never licensed to use the Works at issue in this action for any purpose. [D.E. 1 ¶ 15; Howarth Decl. ¶ 10].

### b. Infringement by Defendant[2]

HBS is a Georgia limited liability company with its principal place of business at 3225 Shallowford Road, Building 1000, Marietta, Georgia, 30062. According to its website, HBS is a construction services company that offers architectural design, interior design, planning and furnishing, landscaping design, new construction build,

---

[2] The following facts are as alleged by Plaintiff, admitted by default, and established by the evidence submitted with the Complaint.

addition builds, pool build, outdoor entertainment builds, flip and rehab, basement finishing, remodeling, improvement, and other services. [D.E. 1 ¶ 4]. At all times relevant herein, HBS owned and operated the internet website located at the URL www.herobuildsolutions.com. (the "Website"). *Id.*

On a date after the Work was created, but prior to the filing of the initial action, the Defendant copied the Works without permission. [D.E. 1 ¶ 16; Howarth Decl. ¶ 9]. After HBS copied the works, it made further copies and distributed the works on the internet to promote the sale of goods and services. Specifically, HBS copied and distributed the Works at least as shown in Ex. 2 of the Complaint and Howarth Decl. [D.E. 1 ¶ 19, Ex. 2; Howarth Decl. ¶ 9, Ex. 2]. HBS copied and distributed Howarth's copyrighted Works in connection with HBS's business for purposes of advertising and promoting its business, and in the course and scope of advertising and selling products and services. [D.E. 1 ¶ 20, Ex. 2; Howarth Decl. ¶ 11].

On June 11, 2020, Howarth, through counsel, notified HBS in writing of Howarth's copyrights in the Works, and demanded that it cease the infringing use of the Works and pay a license fee for the unauthorized use of the Works. [D.E. 1, Ex. 3; Howarth Decl. ¶ 12]. HBS has has failed to respond to the Complaint or serve a copy of any Answer or other response upon Plaintiff's attorney of record. [Rothman Decl. ¶ 7]. As a result of Defendant's infringement, the Work has lost significant value. Defendant publicly disseminated an attribution-free copy of the Work, which

could be accessed and downloaded by others from its website. The Work is now less scarce and less exclusive. [Howarth Decl. ¶ 16].

### c. Procedural History

On December 2, 2020, Howarth filed a Complaint against Defendant HBS. [D.E. 1]. On December 18, 2020, HBS was served with the Summons and a copy of the Complaint by personal service, by serving its Registered Agent, Mr. Saeid Beyrami, at 3408 Phillip Circle, Decatur, Georgia, 30032. [D.E. 7]. HBS failed to respond. [D.E. 8] On this basis, on January 12, 2021, Plaintiff filed a Motion for Entry of Clerk's Default. *Id.* On January 13, 2021, the Clerk of the Court filed a Clerk's Entry of Default as to Defendant HBS in response to Howarth's Motion for Entry of Clerk's Default [See ECF Clerk's Entry of Default 01/13/2021]. Howarth now moves for entry of a Final Judgment of Default and seeks the maximum allowable damages, as defined in in 17 U.S.C. § 504.

## III. <u>LEGAL STANDARD FOR DEFAULT JUDGMENT</u>

Once a default is entered by the Clerk of Court, a plaintiff may seek entry of a Default Judgment by the Court against the defaulting defendant pursuant to Federal Rule of Civil Procedure 55.[3]  "A 'defendant, by his default, admits the plaintiff's

---

[3] Fed. R. Civ. P. 55 (b)(2): In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
(A) conduct an accounting;

well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. V. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Following the entry of a default judgment, damages may be awarded "without a hearing [if] the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Id.* at 1544.

Plaintiff received an entry of default pursuant to Rule 55(a) January 13, 2021. [See ECF Clerk's Entry of Default 01/13/2021]. Plaintiff now seeks a final default judgment under Rule 55(b).

## IV. ARGUMENT

### A. Plaintiff Has Established Defendant's Liability for Copyright Infringement

---

(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)]... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a).

Liability for copyright infringement occurs when a Plaintiff proves (1) Plaintiff's ownership of a copyright, and (2) defendant's copying of the Work. *See Feist Publn's,, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340 (1991).

1. ***Howarth Owns a Valid Copyright for the Works***

Howarth's Works are original and expressive pictorial and graphic works entitled to copyright protection pursuant to 17 U.S.C. § 102(a)(5). Plaintiff may satisfy the first prong by producing the certificates of registration, then the burden shifts to the defendant to demonstrate why the claim of copyright is invalid. *See Feist*, 499 U.S. 340 (noting a "certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and the facts stated in the certificate").

Howarth registered the Works pursuant to 17 U.S.C. § 411(a) with the Register of Copyrights on August 29, 2014 and January 26, 2016 1 and was assigned the registration numbers VA 1-958-957 and VA 2-013-533, respectively [D.E. 1 ¶ 12; Howarth Decl. ¶ 4].

### *2. Defendant Copied the Works*

The copying element of an infringement claim has two components. *Latimer v. Roaring Toyz, Inc.,* 601 F.3d 1224, 1232 (11th Cir. 2010). First, a plaintiff must demonstrate that the defendant copied the plaintiff's work as a factual matter. *Id*. Second, the plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. *Id.* at 1233.

Here, Plaintiff produced documents showing Defendant's copying [D.E. 1 ¶ 17; Howarth Decl. ¶ 9] and Defendant has been found in default by the Clerk of the Court. [See ECF Clerk's Entry of Default 01/13/2021]. The documents show that Defendant copied Howarth's Works. [D.E. 1 ¶ 17; Howarth Decl. ¶ 9, Ex. 2]. There is no factual or subjective issue of "substantial similarity" here because the Works in question are whole photographs; the copies made by Defendant were exact copies and the entire images were taken. *Id.* Thus, Defendant undisputedly copied Howarth's copyrighted Works and a Final Default Judgment should be entered against Defendant.

### B. Plaintiff Established that Defendants' Infringement Was Willful.

Willful infringement occurs when the infringer acted with "actual knowledge or reckless disregard" for whether its conduct infringed upon the plaintiff's copyright. *Anthem Indus., LLC v. Dawson*, No. 1:16-CV-03386-ELR, 2017 WL

6996371, at *4 (N.D. Ga. Oct. 31, 2017). Moreover, "this Court may infer that Defendant[] willfully infringed Plaintiff['s] copyrights because of Defendants' default." *Priority Payment Sys., LLC v. Intrend Software Sols.*, No. 1:15-CV-04140-AT, 2016 WL 8809877, at *4 (N.D. Ga. Nov. 28, 2016).

Plaintiff notified Defendant in writing of Plaintiff's copyright in the Works and demanded that it cease the infringing use of the Works and pay a license fee for the unauthorized use of the Works. [D.E. 1, Ex. 3; Howarth Decl. ¶ 12].

Despite Plaintiff's repeated demands, Defendant has not compensated Howarth for its infringing use of the copyrighted Works. *Id.* As such, Defendant's refusal to pay for its commercial use of the Works demonstrates that Defendant's infringement was willful and intentional throughout and it always intended to profit from Plaintiff's Work without paying any fees for its use.

## C. Detailed Affidavits Establish the Amount of Damages and Other Relief Requested.

In addition to the entry of default judgment against Defendant, Plaintiff requests the following relief and any other relief as the court deem just and proper.

### 1. *Actual Damages Are Appropriate but Insufficient for Willful Copyright Infringement*

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." Actual

damages are "often measured by the revenue that the plaintiff lost as a result of the infringement, which includes lost sales, lost opportunities to license, or diminution in the value of the copyright." *Garden World Images Ltd. v. WilsonBrosGardens.com LLC.*, No. 1:19-CV-01035-AT, 2019 WL 8017802, at *3 (N.D. Ga. Oct. 31, 2019).

The copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed. *Garden World* at 3; *see Hoeltzell v. Caldera Graphics*, No. 11-21245-CV, 2012 WL 13012759, at *3 (S.D. Fla. Oct. 30, 2012) (noting that plaintiffs may measure actual damages "by the value of a hypothetical lost license"). To demonstrate entitlement to a reasonable license fee, the fair market value of an infringed work may be established by evidence of benchmark licenses, or "what licensors have paid for similar work." *Garden World* at 3.

Here, Plaintiff estimated total actual damages in the amount of $100,512.00. [Howarth Decl. ¶ 17]. Using the quoting feature on his website, Plaintiff calculated a one-year commercial use, full-page use license fee of $4,188.00 per image. [Howarth Decl. ¶ 13]. Had HBS requested a license to reproduce and display the copyrighted Work on its website, Plaintiff would have charged at least $4,188.00 per year for a license for the use of each Work. *Id.* The original dates cannot be ascertained due to Defendant's failure to participate in this dispute, but HBS used

the images for at least one year. Accordingly, for the one-year period the Works were used by HBS, Plaintiff has estimated a license fee of $25,128.00 for the six Works. *Id.*

Plaintiff further declared that the Works have lost significant value due to the widespread dissemination resulting from Defendant's infringement. [Howarth Decl. ¶ 16]. Defendant publicly disseminated an attribution-free copy of the Works, which could be accessed and downloaded by others from the internet, without obtaining a license from Plaintiff. [Howarth Decl. ¶ 15]. Defendant's infringement significantly impacts Plaintiff's ability to generate profit because Plaintiff can no longer guarantee the photographs' exclusivity which generally garners higher licensing fees. [Howarth Decl. ¶ 14]. Accordingly, Plaintiff believes his damages to be $16,752.00 per year per Work, after applying a multiplier of four to the licensing fee of $4,188.00 per photograph. [Howarth Decl. ¶ 17]. *See Corson v. Gregory Charles Interiors, LLC*, No. 9:19-CV-81445, 2020 WL 6323863, at *2 (S.D. Fla. Aug. 7, 2020) (finding a multiplier of four times the $4,800 license appropriate to reflect the fair market value of plaintiff's high-end architectural photographs); *Lived in Images, Inc. v. Noble Paint & Trim, Inc.*, No. 615CV1221ORL40DAB, 2016 WL 791061, at *5 (M.D. Fla. Feb. 5, 2016), report and recommendation adopted, No. 615CV1221ORL40DAB, 2016 WL 761029 (M.D. Fla. Feb. 26, 2016) (finding appropriate a ten-fold multiple of a $1,000 license fee).

As the photos in issue were used for at least one year, Plaintiff believes his actual damages for the six Works to be $100,512.00. [Howarth Decl. ¶ 17].

Because Defendant refused to participate in discovery or otherwise defend this matter, Plaintiff is without information to identify exactly how long it used its Works for its own commercial purposes. Plaintiff's actual damages may be a multiple of his annual license fee and Defendant's known profits, but Defendant through its inaction, suppressed the information necessary to identify the correct figure. Similarly, Defendant's refusal to cooperate in discovery has prevented Plaintiff from identifying the amount of profits related to its infringing uses of Plaintiff's Works that are recoverable pursuant to 17 U.S.C. § 504(b) in addition to Plaintiff's actual losses.

To establish Defendant's profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work". 17 U.S.C. § 504(b). Defendant solely controls all information concerning their gross revenue related to its infringing uses of the Works, and it has stymied Plaintiff's ability to present that evidence to the Court.

In view of the foregoing, actual damages and profits are insufficient due to Defendants' refusal to appear and participate in discovery, and Plaintiff seeks an award of statutory damages for Defendants' willful infringement of Plaintiff's copyrighted Works.

### 2. Statutory Damages Are Appropriate for Willful Copyright Infringement

Under 17 U.S.C. § 504(c), Plaintiff may elect to recover statutory damages for Defendant's infringement of Plaintiff's exclusive rights in the copyrighted Work, and enhancement of its statutory award based upon the willfulness of such infringement. In cases where infringement is non-willful, statutory damages may be awarded up to $30,000.00 per work infringed. *See* 17 U.S.C. § 504(c)(1). However, Defendant has defaulted. Plaintiff's well-pleaded allegations of fact, which are deemed admitted by Defendant, demonstrate that the infringement is willful. *See Corson*, 2020 WL 6323863, at *2.

Pursuant to 17 U.S.C. § 504(c)(2), the Court in its discretion may increase an award for statutory damages up to $150,000.00 per work infringed when infringement was committed willfully. In awarding enhanced damages in the context of Section 504(c)(2), "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws." *Cable/Home Communication Corp. v. Network Productions*, 902 F.2d 829, 851 (11th Cir. 1990) (internal quotation omitted).

Specifically, when an infringing party does not provide expenses saved and profits reaped by the infringing party, the court will instead only look to the actual damages and willful conduct and award an amount of three to five times actual damages to fully compensate Plaintiff and adequately deter future conduct like that of the Defendant. *See Garden World* at *5 (finding appropriate the application of a three times willful multiplier); *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994) (plaintiffs' request of statutory damages of an amount approximately three times what Defendant would have paid to be licensed "is a modest, just and appropriate award under section 504(c)"); *see also Barnstormers, Inc. v. Wing Walkers, LLC*, No. EP-10-CV-261-KC, 2011 WL 1671641, at *5 (W.D. Tex. May 3, 2011) (finding just an award of statutory damages of three times Plaintiff's actual damages).

Here, Plaintiff pled willful infringement [D.E. 1 ¶ 30]. As set forth in the Complaint, Defendant willfully copied the Work and distributed the Work on the internet to promote the sale of goods and services as part of its business [DE 1 ¶ 19]. Defendant failed to respond to the Complaint. [Rothman Decl. ¶ 7]. As such, the defendant's infringement was willful. Plaintiff submits that an award of statutory damages of $301,536.00 under 17 U.S.C. § 504(c)(2) is appropriate to accomplish full compensation to the Plaintiff for the damages suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing

conduct in the hope of earning more than they can be held accountable for in actual damages and to deter future violations of copyright law. $301,536.00 is a result of a multiplier of three to the calculation of actual damages of $100,512.00 for the infringement of the six images for one year, dating back to at least March 17, 2020. *See Barnstormers,* 2011 WL 1671641, at *5 (finding three times plaintiff's actual damages to be appropriate); *Garden World* at *5 (finding appropriate the application of a three times willful multiplier).

   3. ***Full Costs and Reasonable Attorney's Fees Are Appropriate***

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party… the court may also award a reasonable attorney's fee to pay the prevailing party as part of the costs." Upon entry of a final judgment, Plaintiff is the prevailing party in this action. In view of the willful nature of Defendant's infringement and its failure to defend or otherwise participate in this action leading to unjustified delays and increased costs and fees, an award of full costs and attorney's fees to Plaintiff is appropriate.

Accordingly, Plaintiff requests the Court to award costs and attorney's fees in the amount of $3,892.39 consisting of costs in the amount of $457.39 and fees in the amount of $3,435.00. The amount and reasonableness of the costs and fees are established by the Declaration of Joel Rothman, submitted concurrently herewith.

*4. Entry of A Permanent Injunction Is Appropriate*

17
**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 USCS § 502. Injunctions are regularly issued pursuant to Section 502 because "the public interest is the interest in upholding copyright protections"; and courts also regularly issue injunctions as part of default judgements. *Arista Recs., Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (entering permanent injunction against defendants with respect to plaintiff's copyrighted work, including plaintiff's work to be created in the future).

As established by the well-pled facts of the Complaint [D.E. 1], and admitted by Defendant's default, this Court has proper jurisdiction over this action. [D.E. 1 ¶¶ 6–9]. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, such that Plaintiff has no adequate remedy at law. [D.E. 1 ¶ 32]. For example, the ability of Defendant to use Plaintiff's Works for its own commercial benefit without compensation to Plaintiff greatly impairs the market value of the Works, since others competing in that business or in related business areas, will not want to obtain a license to Plaintiff's works if it is already associated with a competing business; and potential licensees of Plaintiff will not want to pay license fees to Plaintiff if they see other commercial enterprises

taking and using Plaintiff's photographs for their own commercial purposes without paying any fee at all. [Howarth Decl. ¶ 14].

Accordingly, Plaintiff requests the Court to enter a permanent injunction against Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, prohibiting them from (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrighted photographs or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

## V. **CONCLUSION**

For the foregoing reasons, Plaintiff MORGAN HOWARTH respectfully requests this Court to enter final judgement of default against Defendant HBS and award Plaintiff $301,536.00 for statutory damages caused by Defendant's copyright infringement, full costs, attorney's fees, and prejudgment interest in the foregoing amounts; permanently enjoin Defendant from infringing activities; and any other relief that this court deems just and proper. A proposed order is filed herewith.

Dated:  August 31, 2021                           Respectfully submitted,

*/s/Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number 98220
joel.rothman@sriplaw.com
CRAIG A. WIRTH
Florida Bar Number:  125322
craig.wirth@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Morgan Howarth*