UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASE NO.: 1:20-cv-04874-SCJ

MORGAN HOWARTH,

    Plaintiff,

v.

HERO BUILD SOLUTIONS LLC,

    Defendant.

---

**DECLARATION OF MORGAN HOWARTH**

I, Morgan Howarth, declare and say:

1.    I am over the age of 18 and otherwise competent to testify. I make the following statements based on personal knowledge.

2.    I reside in the Washington, D.C. area and have been a photographer for over twenty-five (25) years. I specialize in interior and architectural work, where I use a rich and illustrative style to bring architecture to life by combining a multitude of separately lit images into one perfect shot. I have worked with many famous clients including Timex, Sears, The Lenox Hotel, Cole Haan, GH Bass Shoes, Timberland Shoe, CBS, and Home & Design Magazine. To me, the best part of any assignment is hearing the client's final "Wow!"

3. I created Six (6) photographs of the interiors of a luxury kitchen and bathroom located near Washington, D.C., which are shown below and referred to herein as the "Works." The photographs are entitled "5519_Center_Mast_Bath Series, 1_F, 3_F, and 4_Windows_F," and "8608_Stirrup_Kitchen Series", "1_F", "2_F", and "3_F."



3





4







4. I registered the Works with the Register of Copyrights on August 29, 2014 and January 26, 2016, and was assigned registration numbers VA 1-958-957 and VA 2-013-533, copies of which are attached hereto as Exhibit 1.

5. I own all rights, title, and interest, including the copyrights, in and to the Works. The Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

6. Significant technical attributes were required to make the Works, including using a combination of tungsten, daylight, and strobe lights to create the best possible natural looking light to suit the needs of each room and scene. This process, which I developed using my years of expertise and skills in photograph editing, combines several different exposures and lighting set-ups into one high resolution image.

7. The Works are scarce due to their high quality and the unique technique applied to achieve such an amazing result.

8. On or about March 17, 2020, I discovered the unauthorized use of the Works on a website depicting work performed by Hero Build Solutions, LLC ("HBS") in Atlanta and Alpharetta. It is my understanding that HBS is a Georgia limited liability company that owns, operates, and manages the commercial website found at the domain name www.herobuildsolutions.com. (the "Website").

9. HBS copied the Works without my permission and used the Works on its website. Evidence of HBS's use is attached hereto as Exhibit 2.

10. HBS has never been licensed to use the Works for any purpose.

11. After HBS copied the Works, it made further copies and distributed the Works on the internet to promote the sale of its goods and services.

12. Through counsel, on June 11, 2020, I notified HBS of my copyrights in the Works, and demanded that it cease the infringing use and pay a license fee. To date, the parties have been unable to resolve the dispute. A copy of the demand letter is attached hereto as Exhibit 3.

13. Had HBS requested a license to reproduce and display the copyrighted Works on its website, I would have charged at least $4,188.00 per photograph for a rights managed license, for a total of $25,128.00 for the six Works. I arrived at this figure using my website's quoting feature to obtain a quote for such use of the Works. $4,188.00 is the fee for a one-year license to use a Work for commercial use and display or distribution worldwide such as on the internet; and for full-page display on a landing page, which is a webpage where the Work would appear in response to a viewer clicking a link found on a website or in a search result. See the true and correct screenshot attached hereto as Exhibit 4, showing the quote for one of the Works as generated by my website.

14. The ability of HBS to reproduce, modify, distribute, and display copies of the copyrighted Work for their own commercial benefit without compensation to me greatly impairs the market value of the Work since others competing with that business, or in related business areas, will not want to obtain a license to my work if it is already associated with a competing business. Similarly, potential licensees of my copyrighted photographs will not want to pay my license fees if they see other commercial enterprises taking and using my photographs for their own commercial purposes without paying any fee at all. Moreover, my ability to generate profit from the images is significantly impaired because I can no longer guarantee the photograph's exclusivity which generally garners higher licensing fees.

15. HBS also publicly distributed my Works without the attribution that I always require when I license my Works. As a result, the Works were disseminated throughout the internet without any way to track them back to me, potentially leading to more infringement in the future and destroying the commercial value of the Works for my business.

16. The Works have lost significant value due to the widespread and continuing dissemination resulting from HBS's infringement.

17. I believe my damages to be $16,752.00 per photograph after applying a multiplier of four to the licensing fees of $4,188.00 per photograph, for a total of $100,512.00 for the six photographs infringed by HBS.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 31, 2021 at Boca Raton, Florida.

*Morgan Howarth* (signature)
Morgan Howarth