IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MORGAN HOWARTH, | |
| Plaintiffs, | CIVIL ACTION FILE |
| v. | No. 1:20-CV-04874-SCJ |
| HERO BUILD SOLUTIONS LLC, | |
| Defendants. | |

## ORDER

This matter appears before the Court on Plaintiff's Motion for Entry of Final Default Judgment. Doc. No. [13].[1]

### I. BACKGROUND

#### A. Procedural History

Plaintiff commenced this action on December 2, 2020, by filing a Complaint against Defendant wherein Plaintiff asserted a claim for copyright infringement.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Doc. No. [1]. Defendant was served process in accordance with Fed. R. Civ. P. 4(e) by delivering a copy of the Summons and Complaint to the Registered Agent at 3408 Phillip Circle, Decatur, GA 30032 on December 28, 2020. Doc. No. [7]. Defendant's deadline to file a responsive pleading was January 18, 2021. Fed. R. Civ. P. 12(a). Defendant has not answered or otherwise responded to Plaintiff's Complaint. Accordingly, the Clerk entered Default on January 13, 2021. Doc. No. [8].

On August 31. 2021, Plaintiff filed this Motion for Default Judgment. Doc. No. [13]. Defendant has not filed a response to the Motion. Accordingly, the Court deems the motion unopposed. "Failure to file a response shall indicate that there is no opposition to the motion" L.R. 7.1(b), NDGa.

### B. Factual History

As a result of its default, Defendant has admitted the well-pleaded allegations of fact in the Complaint. See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). Accordingly, Defendant has admitted the following facts:

Plaintiff is a Washington, DC-based photographer who has primarily focused on interior and architectural work for the last 25 years. Doc. No. [1], ¶ 2. Plaintiff is the rightsholder for "5519_Center_Mast_Bath Series, 1_F, 3_F, and

4_Windows_F" and "8608_Stirrup_Kitchen Series, 1_F, 2_F, and 3_F" (the "Works"). Doc. No. [1], ¶ 11. The six photographs at issue are a part of these two series. Id. Plaintiff registered the Works with the United States Copyright Office on August 29, 2014, and January 26, 2016, respectively. Id. ¶ 12. The Works assigned the registration numbers of VA-1-958-957 and VA 2-013-533, respectively. Id. At all relevant times, Plaintiff owned the valid copyrights for the Works at issue. Id. ¶ 14. On a date after the Works were created by, but before filing the initial action, Defendant copied the Works and posted them on the internet to promote the sale of goods and services as part of its construction services business. Id. ¶¶ 16; 19. Defendant distributed the Works when advertising and promoting its business. Id. ¶ 20. Plaintiff never licensed Defendant to use the Works at issue for any purpose. Id. ¶ 15. Nor did Plaintiff give Defendant permission to copy, distribute or display the Works. Id. ¶ 23. Defendant's willfully used the Works without Plaintiff's permission. Id. ¶ 30. As a result of Defendant's infringement, Plaintiff is irreparably harmed and damaged. Id. ¶¶ 31, 32.

## II. LEGAL STANDARD

Once a default has been entered, a party may seek a default judgment against the non-responsive party under Fed. R. Civ. P. 55(b)(2). The entry of a default, alone, does not warrant the entry of a default judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)[2]. Default is not an admission of liability, but it is an admission as to the well-pleaded facts in the complaint, and the defendant may not challenge those facts on appeal. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009). However, a default judgment is appropriate only if the factual allegations in the complaint provide an adequate legal basis to find that the defendant is liable. Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir, 2005). The Eleventh Circuit has interpreted the standard as akin to that necessary to survive a motion to dismiss for failure to state a claim. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (citing Chudasma v. Mazda Motor Corp., 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)). "Conceptually, then, a

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions rendered prior to the close of business on September 30, 1981 by the United States Court of Appeals for the Fifth Circuit.

motion for default judgment is live a reverse motion to dismiss for failure to state a claim." Id. After a court determines that default judgment should be entered, the court must determine the amount and character of the recovery. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

In considering a motion for default judgment, the Court must examine (1) jurisdiction, (2) liability, and (3) damages. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353 (S.D. Ga. 2004).

### III. ANALYSIS

#### A. Jurisdiction

First, the Court must determine if it has subject matter jurisdiction over the claims. Federal courts have subject matter jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "By including laws of the United States, the United States Code grants subject matter jurisdiction to all claims arising under it.'" Garden World Images Ltd. v. WilsonBrosGardens.com LLC, 1:19-cv-01035-AT, 2019 WL 8017802, at *2 (N.D. Ga. Oct. 31, 2019) (citations omitted) (internal punctuation omitted). Here, Plaintiff filed a Complaint against Defendant for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501 (Doc. No. [1], 28). The Court has

5

subject matter jurisdiction over Plaintiff's claims because they arise from the laws of the United States.

The Court must also have personal jurisdiction over the parties. Diamler AG v. Bauman, 571 U.S. 117, 134 (2014). One form of personal jurisdiction is general jurisdiction. Id. at 125. Courts have general jurisdiction over the parties if the parties are "at home" in the respective court's jurisdiction. Id. at 139. A limited liability company is at home in the state of registration or its principal place of business. See Id. at 137.

Here, Defendant is a Georgia limited liability company with its principal place of business at 3225 Shallowford Rd. Building 1000, Marietta, Georgia 30062, can be served by serving its resident agent Mr. Saeid, at the same address. Doc. No. [1], ¶ 10. Because the Defendant is at home in Georgia, the Court has personal jurisdiction over it.

### B. Plaintiff's Copyright Infringement Allegations

To state a claim for copyright infringement under 17 U.S.C. § 501, a plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 341 (1991) (citing Harper & Row Publishers, Inc.

v. Nation Enter., 471 U.S. 539, 548 (1985)). A plaintiff can present prima facie evidence of the first element if he or she presents a certificate of registration, filed "before or within five years after the publication of the work." 17 U.S.C. § 410(c). To satisfy the second element, the plaintiff must present proof that "as a factual matter, that the alleged infringer actually copied plaintiff's copyright material." Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010) (citation omitted). The copy must be "substantially similar" to the original. Bait Prods. PTY Ltd. v. Aguilar, No. 8:13-CV-161-T-31DAB, 2013 WK 5653357, at *3 (M.D. Fla. Oct. 15, 2013). Where the defendant fails to appear, both prongs of the claim are unchallenged. Reiffer v. Legendary Journeys, Inc., No. 8:17-cv-2748-MSS-AAS, 2019 WL 2029827, at *2 (M.D. Fla. Jan. 23, 2019). If the plaintiff pled sufficient facts to satisfy both prongs, the plaintiff "is entitled to default judgment as to liability." Id. Here, Plaintiff pled enough facts to establish a copyright infringement claim under the Copyright Act. Because Defendant failed to respond to the Complaint, the facts in Plaintiff's Complaint are admitted. Accordingly, Plaintiff is entitled to relief.

Plaintiff owned a valid copyright in the Works entitled "5519_Center_Mast_Bath Series, 1_F, 3_F, and 4_Windows_F" and

"8608_Stirrup_Kitchen Series, 1_F, 2_F, and 3_F." Doc. No. [1], ¶ 11; Doc. No. [13-2], ¶¶ 3–4. The office assigned the registration numbers VA-1-958-957 and VA 2-013-533, respectively. Doc. No. [1] ¶ 12; Doc. No. [13-2], ¶ 4. Defendant copied the Works. Doc. No. [1], ¶ 16. Defendant distributed the copy on the internet to promote the sale of goods and services as part of its construction building business. Id. ¶ 19. Plaintiff never gave Defendant permission to copy the Works. Id. ¶ 23. Plaintiff did not license the image to Defendant. Id. ¶ 15. Accordingly, both prongs are satisfied, and Plaintiff is entitled to relief.

### C.     Damages

The reviewing court "may enter a default judgment for monetary damages against the defendant in a copyright infringement action." Reiffer, 2019 WL 2029973, at *2 (citing Clever Covers, Inc. v. Se. Fla. Storm Def. LLC, 554 F. Supp. 2d 1303, 1309 (M.D. Fla. 2008)).

Where works have been infringed, copyright owners are entitled to recover actual damages as well as "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Damages include "how much revenue the plaintiff lost as a result of the infringement, including the lost sales, lost opportunities to license,

8

or diminution in the copyright's value. Thornton v. J Jargon, Co., 580 F. Supp. 2d 1261, 1276 (M.D. Fla. 2008) (quotation marks and citations omitted).

### 1. *Actual Damages*

To determine the amount of actual damages, the Court can rely solely on affidavits and testimony. Reiffer, 2019 WL 2029973, at *2 (citing Thornton, 580 F. Supp. 2d at 1280); see also Nintendo of Am., Inc. v. Ketchum, 830 F. Supp. 1443, 1445–46 (M.D. Fla. 1993). Under lost revenue, a plaintiff may recover for "a retroactive license fee." Reiffer, 2019 WL 2029973, at *2 (citing Thornton, 580 F. Supp. 2d at 1280). This license fee is the amount that the plaintiff would have earned if they licensed the work to the defendant. Id. A plaintiff may establish this license fee by showing the fair market value of the work. Id.

To establish the fair market value, the plaintiff can either (1) show what compensation he previously received for the infringed work or (2) show benchmark licenses, what licensors have paid for similar work. Id.

Here Plaintiff estimated its actual damages in the amount of $25,128.00. Doc. No. [13-2], ¶ 13. Had Defendant requested a license to reproduce and display the Works on its website, Plaintiff would have charged at least $4,188.00 per year for "a one-year license to use one of the [photographs] for commercial

9

use and display or distribution worldwide such as on the internet, and for full-page display on a landing page." Id. Accordingly, for using all six photographs for one year, Plaintiff is entitled to $25,128.00.

Beyond the license fee, Plaintiff is unable to ascertain the true extent of her damages. Without the availability of discovery, Plaintiff is unable to calculate Defendant's profits illicitly gained from Defendant's infringement. Plaintiff is also damaged by the loss of exclusivity over the Works because Defendant publicly disseminated an attribution-free copy of the Works, which others could access and download from their website, without obtaining a license from Plaintiff. Doc. No. [13-2], ¶ 15.

In compensation for the loss of exclusivity, Plaintiff asks the Court to apply a scarcity multiplier of four. "A scarcity multiplier attempts to compensate a work's loss in value based on the decreased likelihood that potential buyers will purchase a work that has been displayed commonly and widely on the internet." Bowers v. David Jacobs-Publishing Group, LLC, 8:19-cv-1361-T-35TGW, 2019 WL 8989845, at *3 (M.D. Fla. Oct. 31, 2019). See id. (applying a scarcity multiplier of three because the photographer "meticulously waited for the perfect location, weather conditions, and natural light available only during a small window of

time"); see also Leonard v. Stemtech Int'l Inc., 834 F.3d 376, 394 (3d Cir. 2016) (affirming a jury verdict of $1.6 million where the sum included a scarcity multiple of three to five); Garden World Images, 2019 WL 8017802, at *4 (applying scarcity multiplier of three because "the photographer had to account for the weather, lighting, and the specific genus of flora to all cooperate"); Corson v. Gregory Charles Interiors, LLC, No. 9:19-cv-81445, 2020 WL 6323863, at *2 (S.D. Fla. Aug. 7, 2020) (applying a scarcity multiple of four because the photographer used a "professional strobe lighting to give the photos a polished, yet natural look…selecting the proper lenses and aligning the camera properly is crucial to high-end architectural photography…spent 2 working days processing the approximately 400 photographs…[and] made individual adjustments to those 92 files."); Reiffer v. Legendary Journey's, Inc., No. 8:17-cv-2748-T-35AAS, 2019 WL 2029973, at *3 (M.D. Fla. Apr. 10, 2019) (applying a scarcity multiplier of five because the photographer "moniter[ed] the environment's atmospheric conditions, cloud cover, and seasonal weather; location scouting to identify phot locations; and using advanced photo techniques").

Here, Plaintiff alleges that a scarcity multiplier of four is appropriate because she used

11

> a combination of tungsten, daylight, and strobe light to create the best possible natural looking light to suit the needs of each room or scene. This process takes several different exposures and lighting set-ups per image which are then combined into one Hi-Res image.

Doc. No. [1], ¶ 3. The Court finds that a scarcity multiplier of four is appropriate to reflect the fair market value of Plaintiff's photography. As such, Plaintiff's actual damages are $ 16,752 per photograph per year ($4,188.00 times a scarcity multiplier of four). Accordingly, Plaintiff is awarded $100,512 in actual damages for the infringement of her six photographs.

### 2. *Willful Copyright Infringement*

Where the infringement was willful and actual damages are insufficient, a plaintiff may, in the alternative, seek statutory damages. 17 U.S.C. § 504(c)(2). The Code provides that if the Copyright owner sufficiently proves that the infringement was willful, "the court may in its discretion increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

Willful infringement occurs when a defendant "acted with 'actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" Arista Records, Inc. v. Beker Enters., 298 F. Supp. 3d 1310, 1312 (S.D. Fla. 2003). Plaintiff could show willful infringement if she pled willful

infringement and the defendants failed to properly defend the claim. See id. at 1313 ("the Court may infer that Defendants willfully infringed Plaintiff's copyrights because of Defendants' default.").

Here, Plaintiff pled willful infringement (Doc. No. [1], ¶ 30). As set forth in the Complaint, Defendant willfully copied six of Plaintiff's photographs and distributed the Works on the internet to promote its business. Id. ¶¶ 26–30. Plaintiff notified Defendant of the infringement on June 11, 2020 (Doc. No. [1], ¶ 24), and Defendant failed to respond to the Complaint. Accordingly, Defendant's infringement was willful.

Awarding enhanced damages under § 504(c)(2) is appropriate to deter future violations and "prevent defendants from sneering in the face of copyright laws." Cable/Home Communications Corp. v. Network Prods., 902 F.2d 829, 851 (11th Cir. 1990).

In calculating statutory damages, the Court will look to the actual damages and willful conduct to award an amount based on a multiplier (typically three to five times) to fully compensate the plaintiff and to adequately deter future infringing conduct by the defendant. See Major Bob Music v. Stubbs, 851 F. Supp. 475, 481 (S.D. Ga. 1994) ("plaintiff's request of statutory damages of an amount

approximately three times what the defendant would have paid to be licensed is a modest, just and appropriate award under section 504(c)"); Barnstormers, Inc. v. Wing Walkers, LLC, No. EP-10-CV-261-KC, 2011 WL 1671641, at *5 (W.D. Tex. May 3, 2011) ("in light of Plaintiff's $6,000 in actual damages and Defendants' willful conduct, the Court finds a just award of statutory damages to be three times Plaintiff's actual damages of $18,000); Garden World Images, 2019 WL 8017802, at *5 ("an appropriate award of statutory damages of $12,672.00 (based on a three times willful multiplier being applied to Plaintiff's $4,224.00 in estimated actual damages").

Here, Plaintiff asked the Court to apply a multiplier of three. Given Defendant's willfully committed six violations of copyright infringement (Doc. No. [1], ¶¶ 11, 16), the Court awards statutory damages in the amount of $50,256 per violation (based on a three times multiplier of $16,752 per photograph). The award is appropriate to accomplish full compensation to Plaintiff for the damages suffered and create a strong disincentive against future infringement. Accordingly, the Court awards Plaintiff $301,536 in statutory damages for infringement of Plaintiff's six photographs.

### 3. *Attorney's Fees and Costs*

The Court may also grant reasonable attorney's fees for the successful prosecution of a copyright action. 17 U.S.C § 505 ("the court may also award a reasonable attorney's fee to the prevailing party"). Courts look to the "lodestar" method to determine reasonable attorney's fees. Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "Under the lodestar method, courts determine attorney's fees based on the product of the reasonable hours spent on the case and a reasonable hourly rate. In re Home Depot Inc., 931 F.3d 1065, 1076 (11th Cir. 2019). The reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). The Court may consider "its own knowledge and experience" to determine what are "reasonable and proper fees." Id. at 781.

Next, the Court must determine the number of hours it should reasonably take to perform the particular task. ACLU of Georgia v. Barnes, 168 F.3d 423, 429 (11th Cir. 1999). The burden is on the party opposing the requested fees to object to the hours expended. Norman, 836 F.3d at 1301. Because Plaintiff has not

15

responded to Plaintiff's Complaint or Motion for Default Judgment, Plaintiff's calculation of hours is unopposed.

Accordingly, Plaintiff is awarded attorneys' fees in the amount of $3,435.00. The amount and reasonableness of the fees is established in the Declaration of Joel Rothman (Doc. No. 13-7, ¶¶ 9–17).

A Court may also grant "recovery of full costs" to the prevailing party. 17 U.S.C. § 505 The "prevailing party in a copyright-infringement case may recover costs listed in 28 U.S.C. § 1920. 17 U.S.C § 505 This includes the cost of filing the initial action with the clerk and the cost of serving process. 28 U.S.C. § 1920(1); see also Reiffer, 2019 WL 2029973, at *7. For the service fee, the prevailing party may recover no more than the statutory maximum for service by the United States Marshal Service. EEOC v. W & O, Inc., 213 F.3d 600, 623–24 (11th Cir. 2000). The current maximum is $65 per hour. 28 C.F.R. § 0.114.

Accordingly, Plaintiff requests the Court award costs in the amount of $457.39. The amount and reasonableness of the costs are established by the Declaration of Joel Rothman (Doc. No. 13-7, ¶ 4).

### *4.   Permanent Injunction*

A court may grant a permanent injunction to prevent future copyright infringement. 17 U.S.C. § 502(a). The plaintiff must satisfy the standard four-factor test required to obtain injunctive relief to obtain an injunction. Microsoft Corp. v. Tech. Enter., LLC., 805 F. Supp. 2d 1330, 1333 (S.D. Fla. 2011). First, the plaintiff must show that "he suffered irreparable injury." Reiffer, 2019 WL 2029973, at *4. Next, the plaintiff must show that legal remedies are inadequate to compensate for his injury." Id. Third, Plaintiff must show that "the balance of hardships between the plaintiff and the defendant weighs in the plaintiff's favor." Id. And fourth, that "a permanent injunction serves the public interest." Id.

Regarding the first and second factors, "once the moving party has demonstrated the likelihood of success on the merits of a copyright infringement claim, irreparable harm is presumed." Stoneworks, Inc. v. Empire Marble & Granite, Inc., No. 98-2017-CIV-HIGHSMITH, 1998 WL 1012960, at *6 (S.D. Fla. Nov. 19, 1998); see also Reiffer, 2019 WL 2029973, at *4 ("[i]n copyright cases, entry of default judgment on liability establishes the likelihood of success of the merits and irreparable harm to the plaintiff") (quotation and citations omitted).

Regarding the fourth factor, "[t]he public has an interest in enforcing copyright protections."

The four-part test "is regularly satisfied at the default-judgment stage in copyright-infringement cases." Id. at 11 (citing Arista Records, 298 F. Supp. 2d at 1315) (granting permanent injunction with a default judgment in copyright-infringement case).

Here, Defendant caused irreparable harm to Plaintiff by willfully copying her work. Legal remedies may be inadequate here because Defendant may willfully infringe on Plaintiff's works in the future.

The balance of hardship weighs in favor of Plaintiff as the "defendant is engaged in infringement, [and] the only hardship [it] will suffer as a result of an injunction is court-ordered compliance with the copyright laws." EyePartner, Inc. v. Kor Media Grp. Ltd. Liab. Co., No. 4:13-10072-CIV, 2013 WL 3733434, at *5 (S.D. Fla. July 15, 2013).

Additionally, an injunction would serve the public interest because "the public has an interest in enforcing copyright protections." Arista Records, 298 F. Supp. 2d at 1314 (quotation and citation omitted). As such, Morgan Howarth is entitled to a permanent injunction.

## IV.  CONCLUSION

For the foregoing reasons, the Court enters judgment in favor of Plaintiff and against Defendant Hero Build Solutions, LLC, and awards the following amounts to Plaintiff:

**$100,512.00** in actual damages for copyright infringement;

**$301,536.00** in statutory damages for willful copyright infringement;

**$3,435.00** in attorney's fees and costs.

The Clerk is **DIRECTED** to enter this Final Order and Judgment and close this case.

.

**IT IS SO ORDERED** this __6th__ day of January, 2022.


/s/ Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**